UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ERICH AMRHEIN, ) Creditor. ) ) ERICH AMRHEIN, ) Appellant, ) ) v. ) ) PETER M. VENUTO, ) Appellee. ) | Civil Action No. 21-40079-GAO  (Chapter 7 Case No. 16-41070-EDK) |

OPINION AND ORDER
March 23, 2022

O'TOOLE, D.J.

Appellant Erich AmRhein appeals from an order by the United States Bankruptcy Court for the District of Massachusetts granting in part the appellee's Motion for Order of Contempt and Sanctions. The bankruptcy court held the appellant in contempt for bringing a state court action on a discharged claim in violation of the discharge injunction set forth in 11 U.S.C § 524, and the court set a status hearing for a later date to discuss further proceedings regarding potential sanctions.

A district court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(1). An order for civil contempt is not considered final for purposes of appeal until (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed. In re U.S. Abatement Corp., 39 F.3d 563, 567 (5th Cir. 1994). Specifically, an order of a bankruptcy court finding a party in contempt is not considered final until a sanction has been ordered. In re Behrens, 900 F.2d 97, 101 (7th Cir. 1990). Accordingly, the bankruptcy court's

finding of contempt against the appellant without imposing sanctions is not a final order that can be appealed. See In re Fugazy Exp., Inc., 982 F.2d 769, 776 (2d Cir. 1992) (concluding that finality requires an order of contempt to completely resolve issues concerning proper relief).

For the reasons stated herein, the present appeal is DISMISSED for lack of appellate jurisdiction, and the matter is remanded to the bankruptcy court for further proceedings.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge